

October 22, 2025

**VIA ECF**

The Honorable Ronnie Abrams
Thurgood Marshall
United States Courthouse, Courtroom 1596
40 Foley Square
New York, NY 10007

  Re: *Giorgio v. WW International, Inc.*, Case No. 1:25-cv-02944 (S.D.N.Y.)

  Plaintiffs respectfully submit the following letter-brief in accordance with the Court's October 16, 2025 Order (ECF No. 52) to compel discovery necessary to respond to Defendants' Motion to Compel Arbitration ("Motion") (ECF No. 48) and request an informal conference.

  Plaintiffs met and conferred with Defendants on October 7, 2025 and October 15, 2025, who originally took the position that any discovery is improper unless Plaintiffs come forward with evidence affirmatively disproving the assertions contained in their Motion and the Declaration of Edward Cai ("Cai Declaration") (ECF No. 48-3) submitted in support thereof.

  While Defendants ultimately produced four documents, these limited materials are insufficient to address the factual gaps and inconsistencies in their Motion that are material to whether Plaintiffs can be compelled to arbitration. Further, while Plaintiffs maintain they are not required to "prove" Defendants are wrong to seek this discovery about their affirmative contentions, they have already shared evidence with Defendants that contradicts assertions in their Motion, including evidence that the Membership Agreements received by both Plaintiffs <u>do not</u> contain an arbitration provision. While Defendants should ultimately withdraw their motion in light of this evidence, at a minimum, it shows the discovery requested by Plaintiffs is proper even under Defendants' (incorrect) standard.

  **I.** **Arbitration-Related Discovery is Necessary**

  "In a typical motion to compel arbitration . . . some discovery may be allowable or necessary." *See Accardo v. Equifax, Inc.*, No. CV185030JSAKT, 2019 WL 5695947, at *6 (E.D.N.Y. Aug. 9, 2019) (citing cases). This discovery is particularly appropriate where "there is clearly a dispute about whether an arbitration agreement exits . . . and whether [p]laintiff . . . [is] bound to the [a]rbitration [p]rovision." *Accardo*, 2019 WL 5695947, at *7.

  Here, Weight Watchers asserts that Plaintiffs Nancy Owen and Antoinette Wachtl signed up for paid Weight Watchers memberships on, respectively, October 9, 2023, and December 31, 2024. *See* Cai Declaration ¶¶ 2-3. They also assert that Ms. Owen signed up for a subsequent membership on January 3, 2025. *Id.* ¶ 2. The sole support for Weight Watchers' claim that these

1

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

**LOWEY DANNENBERG**

Plaintiffs agreed to arbitration are the assertions is the Cai Declaration, which purports to describe a sign-up process that has been "in place" since December 31, 2024 (Cai Declaration ¶ 4) and a single version of the Weight Watchers' Membership Agreement that Mr. Cai claims has been in place since December 2024. *See* Cai Declaration ¶ 9.

Even a cursory review of these materials confirms there are evidentiary gaps and inconsistencies that must be addressed before Plaintiffs can respond to Defendants' motion.

**Renewal Sign-Up Screens & Terms.** Given that Plaintiff Nancy Owen first signed up for Weight Watchers in October 2023, she would not have been required to "creat[e] an account" using the sign-up process described in the Cai Declaration when she renewed her membership in January 2025. This is obvious by looking at the screen in the Cai Declaration, which asks the user to provide an email address, first name, last name, and set a password—all things Plaintiff Nancy Owen would have done back in 2023. Cai Declaration ¶¶ 5-7 (describing the screens used as of December 31, 2024 to "create[e] an account" in the first instance). While Defendants claim they have now produced the actual "sign-up flow" they believe Ms. Owen would have seen as a "lapsed customer"—after Plaintiffs noted this obvious flaw in the Cai Declaration—the screens it produced still appear inaccurate. These "new" screens Defendants produced still say "account creation" and "let's get started"—something Ms. Owen (again) would not need to do. Weight Watchers' own website suggests the opposite—as a returning user, this screen would merely say "Welcome Back" and to sign in with an "email or username and password" or "magic link." No terms would be presented or hyperlinked on this screen. These factual inconsistencies between Defendants' assertion and what is on Weight Watchers' own website warrants further discovery on this issue. If Nancy Owen was not provided inconspicuous notice of a new Membership Agreement containing a valid arbitration provision at any time, she cannot be compelled to arbitration.

**December 2024 Sign-Up Process**. Similar to Nancy Owen, the screens depicted in the Cai Declaration do not appear to be the screens Plaintiff Antoinette Wachtl would have encountered either. As alleged in the Complaint, Plaintiff Antoinette Wachtl used the Weight Watchers' Clinic Questionnaire to sign-up for Weight Watchers. *See* ECF No. 1 ¶ 48. According to a <u>different</u> declaration submitted by Mr. Cai in connection with Weight Watchers' Motion to Dismiss (ECF No. 49-2), the "Clinic" sign-up process is <u>not the same</u> as the one described in Defendants' Motion related to arbitration. According to that separate declaration, the "Clinic" sign-up process links to some version of "WW's Terms & Conditions." *See* ECF No. 49-2 ¶ 17. Weight Watchers should produce full copies of the screens associated with the actual sign-up process used by Antoinette Wachtl and copies of whatever terms were hyperlinked on these screens or otherwise presented to her.

**Cai Declaration Screens**. Despite that the screens in the Cai Declaration do not appear to have been seen by either Plaintiff, there are reasons to doubt whether these exemplar screens were actually used by Weight Watchers at any point in time. Mr. Cai claims that these are screens that "ha[ve] been in place" since December 31, 2024, but Weight Watchers' current website shows that <u>different</u> screens are currently in use, undermining his contention. Notably, the current version of

2

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777



this screen does not contain the language stating "You acknowledge you have read and agree to the Membership Agreement and Privacy Policy" like Mr. Cai claims in his Declaration. *See* Cai Declaration ¶¶ 5, 7. These additional discrepancies further confirm why discovery is necessary and why Plaintiffs are entitled to test the assertions made by Mr. Cai.

**Actual Membership Agreements**. Finally, the Cai Declaration attaches what he claims is the "December 2024 version" of the Weight Watchers' Membership Agreement. *See* Cai Declaration ¶ 9; ECF No. 48-2. While Defendants have produced a "[r]evision" history seemingly suggesting this document went live on December 19, 2024, a review of Plaintiffs' records show this is <u>not</u> the actual Membership Agreement that was hyperlinked in the "Membership Receipts" Defendants sent to Plaintiffs Wachtl and Owen, in December 2024 and January 2025, respectively. Critically, the versions hyperlinked in the emails Defendants sent to each Plaintiff do <u>not</u> contain an arbitration provision.[1] Weight Watchers should withdraw its Motion in light of this evidence. But at an absolute minimum, it shows discovery relating to the sign-up process, hyperlinked terms, and Defendants' record keeping is undoubtably necessary.

While Defendants have made a limited production of four documents, they have objected to a majority of Plaintiffs' discovery requests that are necessary to address these critical gaps and otherwise test the assertions made in the Cai Declaration. Plaintiffs' remaining Requests for Production as narrowed through the meet and confer process—and excluding those that were mooted through Defendants' limited production—seek: (1) the screens that would have actually been seen by Plaintiffs (Request Nos. 8-11); (2) the applicable versions of Weight Watchers' Membership Agreement or other relevant terms (i.e., the "Terms and Conditions" linked in the Clinic sign-up process) (Request Nos. 13-16, 18); and (3) documents or communications informing Plaintiffs of changes to Defendants' terms, including the Membership Agreement (Request No. 19). Plaintiffs also seek a limited 30(b)(6) deposition of Mr. Cai in light of the glaring discrepancies in his declarations, including the materials he relied on to support his assertions and Weight Watchers' records reflecting any assent or agreement to its terms. Finally, Plaintiffs seek responses to just two interrogatories, seeking only (1) the identification of persons who helped prepare the Cai Declaration; and (2) the name, URL, and effective date or every agreement containing an arbitration provision.

Absent this discovery, Plaintiffs would be forced to oppose Defendants' Motion based on an incomplete (and self-serving) record replete with factual inconsistencies. Because that is improper, the Court should compel Defendants to provide the discovery listed above. *See Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 104 (2d Cir. 2022) (explaining the district court "should have required further evidence" so that it could "determine whether [plaintiff] was placed on inquiry notice of the amended . . . [a]greement" including "screenshots of the webpage(s)" on which these terms were purportedly presented).

---

[1] Plaintiffs are willing to provide the materials on which they rely upon request.

3

www.lowey.com

44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777

# LOWEY DANNENBERG

Dated: October 22, 2025

/s/ *Amanda Fiorilla*
Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*

Plaintiffs' request for a conference is granted. Defendants shall have the opportunity to respond to this letter-brief no later than October 31, 2025. A conference to discuss this discovery dispute will be held on November 5, 2025, at 1:00 p.m. Unless the parties request otherwise, the conference will take place telephonically. Call-in Number: (855) 244-8681; Meeting ID: 2305 542 4735. This conference line is open to the public.

SO ORDERED.

Hon. Ronnie Abrams
October 23, 2025

4
www.lowey.com
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777