UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ALLISON GIORGIO et al.,
                                                                 :
                        Plaintiffs,                                        ORDER
                                                                 :
            -v.-
                                                                 :        25 Civ. 2944 (RA) (GWG)

  WW INTERNATIONAL, INC. et al.                                  :

                        Defendants.                              :
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        The Court has reviewed the parties' letters (Docket ## 64 and 65) with respect to defendants' request to depose plaintiffs Antoinette Wachtl and Nancy Owen in connection with defendants' motion to compel arbitration (Docket # 48).

        Plaintiffs' opposition asserts that defendants' motion "turns on the flawed assumption that Plaintiffs must testify." Docket # 65 at 2.   But whether plaintiffs ultimately offer testimony in connection with the motion is of no moment.   What matters is whether the evidence sought by defendants is "relevant" to a material factual issue raised by defendants' motion.   See Fed. R. Civ. P. 26(b).   To make that determination, we examine not whether plaintiffs have testified or plan to offer sworn statements but merely whether plaintiffs have evidence that would "make a fact more or less probable than it would be without the evidence" and whether such fact is "of consequence" in determining the motion to compel arbitration.   Fed. R. Evid. 401.   Plaintiffs make no argument that they do not have relevant evidence.   Indeed, whether plaintiffs did or did not click on particular links and/or did or did not see the alleged arbitration provisions would seem to be highly relevant to the motion to compel arbitration.   That plaintiffs' counsel made certain proffers as to these points at the last courtroom conference does not dispose of defendants' request for discovery. This is because a litigant is entitled to obtain testimony from a witness rather than rely on statements of counsel.[1]

        Plaintiffs argue that because defendants bear the burden of proof on the motion to compel arbitration, plaintiffs have "no obligation to assist Weight Watchers" by supplying discovery to aid defendants in making that motion.   Docket # 65 at 2.   This is a non-sequitur.   The Federal Rules of Civil Procedure do not immunize a party from providing discovery merely because that party does not bear the burden of proof.   If the rule were otherwise, a defendant would never have to provide discovery to a plaintiff (who typically bears the burden of proof).   It is for this reason that Fed. R. Civ. P. 26(b) contains no limitation as to which party is permitted to seek discovery or which party is required to provide discovery.

---

[1] The proffer also did not trigger defendants' entitlement to discovery, although defendants' letter might be read to suggest as much.

Plaintiffs make no argument regarding burden or proportionality.   Accordingly, defendants' application is granted.

While plaintiffs' do not address burden, the Court will sua sponte limit each deposition to a maximum of 2 hours and direct that each be conducted remotely if plaintiffs prefer.   The subject of the depositions shall be limited to the issue of the formation of the alleged agreement to arbitrate.   The depositions shall take place by December 12, 2025.

SO ORDERED.

Dated: November 26, 2025
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge