UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLISON GIORGIO, ASHLEY RODRIGUEZ, JENNIFER TORRES, NANCY OWEN, ANTOINETTE WACHTL, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WW INTERNATIONAL, INC., WW.COM, LLC WEEKEND HEALTH OF TEXAS, PA, WEEKEND HEALTH OF NEW JERSEY P.C., WEEKEND HEALTH OF PENNSYLVANIA, P.C., AND BRANTLEY T. JOLLY, J.D., PROF. CORP.,<br><br>Defendants. | Case No.: 1:25-CV-02944-RA |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF WACHTL'S MOTION TO STIKE**

Defendants WW International, Inc., WW.Com, LLC, Weekend Health of Texas, PA, Weekend Health of New Jersey P.C., Weekend Health of Pennsylvania, P.C., and WeightWatchers Clinic f/k/a Brantley T. Jolly, M.D. ("Defendants" or "WW"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to Plaintiff Wachtl's ("Wachtl") motion to strike portions of Defendants' reply and related exhibits (the "Motion to Strike") (ECF No. 78).

**PRELIMINARY STATEMENT**

Wachtl's desperate Motion to Strike is a transparent attempt to distract from the indisputable fact that Wachtl affirmatively agreed to the Arbitration Provision as a condition of creating her membership account—a fact that remains the exclusive basis for Defendants' motion to compel arbitration (the "Motion to Compel) (ECF No. 48). Defendants' reply (the "Reply") (ECF No. 76) is unequivocal on this point, stating "Defendants have more than met their burden to compel arbitration by providing clear evidence that Wachtl assented to the December 2024 Membership Agreement—an agreement that contains a broad Arbitration Provision," and later identifying other issues but stating they are "not the basis for the Motion". (Reply at 1, 8.) Undeniably, the vast majority of the Reply seeks to refocus the papers on the Arbitration Provision in the December 2024 Membership Agreement, which was always the basis for the Motion to Compel.

Nevertheless, it is axiomatic that reply papers may respond to new material issues raised in opposition briefs. Here, it was Wachtl's opposition ( the "Opposition") (ECF No. 75) that raised the Clinic Flow. The Defendants referenced the Registered Dietitian flow and related terms in the Reply solely in response to the Clinic Flow misdirection raised in the Opposition—not as a new basis for their Motion to Compel. And, indeed, Defendants were express in reiterating that they were not moving at this juncture on the Registered Dietitian flow. (*Id*. at 8.) In any event, far from

being blindsided, Wachtl has had access to this evidence through arbitration-related discovery and direct opportunity to address the documents at issue during deposition. Wachtl's request for the extraordinary remedy of striking portions of the Reply and exhibits is unsupported by both the facts and controlling authority.

## ARGUMENT

### I. Legal Standard

It is also well-established that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (internal citations and quotations omitted). Therefore, it is "entirely appropriate" for courts to consider new evidence submitted in reply that responds directly to arguments raised in the opposition. *See Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019). Additionally, "a district court enjoys broad discretion to rely on evidence submitted with the reply papers, notwithstanding the traditional rule that it is improper for a party to submit evidence in reply that was available when it filed its motion." *Id*. (cleaned up).

### II. The Basis Of Defendants' Motion To Compel – Agreement To The December 2024 Membership Agreement Via The Sign Up/Purchase Flow - Has Not Changed, So A Sur-Reply Is Not Warranted

The premise of Wachtl's motion — that Defendants are asking the Court to compel arbitration based on an agreement other than the December 2024 Membership Agreement — is completely wrong. The December 2024 Membership Agreement, which Wachtl affirmatively accepted during her sign-up flow, remains the sole basis for Defendants' Motion to Compel. (*See, e.g.*, Reply at 2 (noting Defendants have met their burden by "producing the December 2024 Membership Agreement containing the Arbitration Provision").) In the one-sentence paragraph discussing the Registered Dietitian flow and related terms, Defendants expressly affirm that this

Registered Dietitian flow is "not the basis for this motion" and explain in a footnote that if it becomes necessary to raise this separate basis to compel, they would seek leave to file a supplemental motion.[1] (*Id*. at 8.) This cannot reasonably be construed in any way other than that the original basis for the Motion to Compel remains the sole basis for the motion. The express statement that if Defendants wish to move on the Registered Dietitian flow they will "first seek leave to file a supplemental motion to compel" should make it clear to any reasonable reader that this motion is not seeking an order compelling arbitration on Registered Dietitian flow. It is because of these clear and unambiguous statements regarding the sole basis for the Motion to Compel and equally clear statement that Defendants would seek leave of this Court before pursuing any other basis, that Defendants believe this Motion to Strike is predicated on a manufactured basis that is demonstrably false, and accordingly have characterized it as a desperate attempt at misdirection. Because Wachtl's premise for this motion is simply wrong there is no basis for a sur-reply—there are no new issues or arguments raised in the Reply concerning the

[1] Wachtl once again misrepresent the record through selective quoting. The Reply does not state that the Registered Dietitian flow and WW Clinic Terms are included "in case they 'become [] relevant and necessary.'" (Motion to Strike at 3.) The Reply actually says: "Defendants became aware of this separate basis to compel arbitration after filing the Motion. *If it becomes relevant and necessary*, *then Defendants may seek leave to file a supplemental motion to compel arbitration*." (Reply at 8 n.8 [emphasis added].)

Wachtl also misrepresents the record of the November 7, 2025 hearing: Wachtl had sought the terms that were literally "linked" or "hyperlinked" from certain website screens, "things like the privacy policies." (November 7 Tr. at 19:9-11.) About those hyperlinked materials, the Court ordered further conferral, not preclusion. (*Id.*, at 20:15-23.) As to the Court's discussion on "preclusion," this was addressed in the context of Wachtl seeking all emailed communications from Defendants because Wachtl wanted to argue that there had been an emailed modification of terms. (*Id.*, 21:16-22:22.) Defendants responded – consistent with the Motion to Compel and the Reply – that their theory for compelling arbitration is based on what occurred during the sign-up process and not what occurred later via email. Accordingly, the Court did not require or permit discovery on this topic. (*Id.*, 23:21-24:23.) Notably, the Court did not actually issue a "preclusion" order – the Court stated, "Well, if they make any other argument, plaintiffs, you just – ***we will halt briefing to the arbitration motion, and, you know, we'll figure out what on Earth happened, but I think we're pretty safe right now.***" (*Id.*, 24:24-25:3 [emphasis added].)

basis of the motion to compel which require further briefing. In any event, to the extent Wachtl wanted to say anything about the Reply to the Motion to Compel, she has already said it here, wisely or not.

## III. The Registered Dietitian Flow and WW Clinic Terms Were Referenced In Response to Arguments in Wachtl's Opposition

Wachtl's contention that it is "black letter law that reply briefs cannot be used to introduce new evidence or arguments" is simply incorrect, and largely a *non-sequitur*. (Motion to Stike at 3.) Wachtl's own cases recognize that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, No. 25 CIV. 5020 (JPC), 2025 WL 2388287, at *1 (S.D.N.Y. Aug. 18, 2025). Indeed, parties are entitled to rebut arguments and evidence first raised in opposition papers, and courts routinely deny motions to strike where the new evidence on reply is responding to material raised in the opposition papers. *See In re Methyl Tertiary Butyl Ether Products Liability Litigation*, No. 14CV6228 (DLC), 2025 WL 3141553, at *2 n.2 (S.D.N.Y. Nov. 10, 2025) ("The plaintiff's October 29 motion to strike and alternative motion to file a sur-reply is denied; the defendants' reply appropriately responded to the Commonwealth's arguments in its opposition brief."); *Yorke*, 2019 WL 3219384 at *2 (collecting cases for the proposition that evidence may be considered in reply when it is responsive to claims raised in opposition briefs); *Zirogiannis*, 221 F. Supp. 3d at 298 (denying motion to strike where the defendant's "memorandum of law in reply does not raise new issues or arguments, but rather, addresses and responds to arguments raised in Plaintiff's memorandum of law in opposition").

The Opposition purports to describe Wachtl's sign-up process. (*See* Opp. at 6.) In so doing, Wachtl introduced new evidence regarding the Clinic Quiz flow — screens which are not the basis for Defendants' motion nor addressed in Defendants' moving brief — while conspicuously

omitting any reference to the Registered Dietitian flow and its associated arbitration provision. (*Id.*) This omission is telling, as Wachtl received documentation in the very same production as the documents comprising Wachtl's Exhibits G (ECF No. 75-8) and H (ECF No. 75-9) related to the Clinic Quiz, that confirms Wachtl also went through the Registered Dietitian flow and affirmatively accepted its associated terms. Under Rule 11(b)(3), Wachtl's counsel should not have ignored this evidence, yet they did while also raising the red herring of the partially completed Clinic Quiz. Because Wachtl elected to discuss extraneous screens outside the scope of the motion, but omitted screens which did not fit their narrative, Defendants appropriately referenced the Registered Dietitian flow in order to respond to Wachtl's incomplete and inaccurate representations in the Opposition. Providing new evidence to respond to new issues raised in the Opposition is entirely appropriate, and such evidence should not be stricken.[2] *See In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 2025 WL 3141553 at *2 n.2; *Yorke*, 2019 WL 3219384 at *2; *Zirogiannis*, 221 F. Supp. 3d at 298. Wachtl's Motion to Strike should be denied.

## IV. Wachtl Has Had All Evidence Raised And Cited In The Reply

Finally, Wachtl cannot credibly claim surprise from Defendants' reference to the Registered Dietitian flow and WW Clinic Terms in the Reply. Wachtl obtained these documents during Court-

---

[2] The drastic nature of Wachtl's requested remedy is highlighted by the fact that, in two of the three cases cited in the Motion to Strike, the court ***denied*** the motion to strike. *Duracell*, 2025 WL 2388287, at *2 ("Court denies Energizer's motion to strike but grants Energizer the opportunity to file a sur-reply."); *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("Therefore, I will consider Joe's Jeans' surreply and will not strike Mr. Sadiqulla's affidavit."). The one case in which the motion to strike was granted involved an extreme scenario where the plaintiff attached 133 pages of affidavits, declarations, and deposition testimony to its reply brief after citing no evidence whatsoever in its moving brief. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352 HB, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007). The circumstances in *Wolters Kluwer* are extraordinary and bear no resemblance to the present matter.

ordered arbitration-related discovery and was able to question Edward Cai about them during his deposition. (*See* Motion to Strike at 5.)[3]

**CONCLUSION**

Defendants respectfully request that the Court deny the Motion to Strike.

Dated: New York, New York
February 5, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ P. Craig Cardon*
P. Craig Cardon (Admitted Pro Hac Vice)
Kevin Murphy (Admitted Pro Hac Vice)
1901 Avenue for the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
ccardon@sheppardmullin.com
kemurphy@sheppardmullin.com

Abby H. Meyer (Admitted Pro Hac Vice)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
ameyer@sheppardmullin.com

Sylvia Waghorne
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
swaghorne@sheppardmullin.com

*Attorney for Defendants*
*WW International, Inc., WW.Com, LLC Weekend Health of Texas, PA, Weekend Health of New Jersey P.C., Weekend Health of Pennsylvania, P.C., and WeightWatchers Clinic f/k/a Brantley T. Jolly, M.D..*

[3] The initial confusion around Clinic stems from the Complaint where Wachtl asserted she took the Clinic Questionnaire, and was amplified when Wachtl advocated in support of discovery that "Wachtl completed the Clinic Flow" (Nov. 7 Tr. at 17:8-18). It was not until later that Mr. Cai discovered that Wachtl was incorrect. Rather than simply acknowledge the initial error and move on, Wachtl somehow blames Mr. Cai for not figuring out her error sooner. (Opp. at 6 n.3.)

## WORD COUNT LIMIT CERTIFICATION

I, P. Craig Cardon, hereby certify that the foregoing memorandum law complies with the word count limit set forth in S.D.N.Y. Local Civil Rule 7.1(c) and Section 4.A of the Individual Rules & Practices in Civil Cases of Hon. Ronnie Abrams. According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 1917 words in the document.

*/s/ P. Craig Cardon*
P. Craig Cardon