**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALLISON GIORGIO, ASHLEY RODRIGUEZ, JENNIFER TORRES, NANCY OWEN, ANTOINETTE WACHTL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WW INTERNATIONAL, INC., WW.COM, LLC WEEKEND HEALTH OF TEXAS, PA, WEEKEND HEALTH OF NEW JERSEY P.C., WEEKEND HEALTH OF PENNSYLVANIA, P.C., AND BRANTLEY T. JOLLY, J.D., PROF. CORP.,

Defendants.

Case No. 1:25-cv-02944-RA

Hon. Ronnie Abrams

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

## INTRODUCTION

Weight Watchers's excuses for citing new evidence and making new arguments for the first time on reply do not withstand scrutiny.

Even if it is true that the "vast majority" of Weight Watchers's Reply Memorandum in Support of Motion to Compel Individual Arbitration ("Reply") (ECF No. 76) focuses on the December 2024 Membership Agreement, that does not justify or excuse also sneaking in new evidence and making new arguments concerning a different product (the Registered Dietician service) and a different sign-up flow (the "Clinic Flow") for the first time on reply. Defendants' Opposition to Plaintiff Wachtl's Motion to Strike ("Opp. to MTS") (ECF No. 81 at 1).

Nor does it matter that Weight Watchers provided documents relating to the Registered Dietician service and Clinic Flow as part of arbitration-related discovery. Weight Watchers elected, and repeatedly told Plaintiffs and this Court, that the basis for its Motion to Compel was exclusively the December 2024 Membership Agreement. *See* November 7, 2025 Transcript, ECF No. 60 at 24:18-22 (the "basis for [Weight Watchers's] motion to compel arbitration" is the alleged "contract that was created during the sign-up process"); *id*. at 27:17-19 ("The agreement that is the basis of our motion to compel arbitration is Exhibit A to the [C]ai declaration[.]"); *see also* Exhibit A to the Cai Declaration, ECF No 48-2 (attaching the Membership Agreement dated December 19, 2024); ECF No. 48-1 at 8 (relying on the "December 2024 Membership Agreement" as the basis to compel Plaintiff Wachtl to arbitration); ECF No. 56 ("The Motion asserts that on December 19, 2024, Weight Watchers' Membership Agreement was revised to include an arbitration provision . . . Defendants do not rely on any other version of the Membership Agreement to support its Motion."). The affirmative arguments it made did not rely on any other documents. It is blackletter law that Plaintiffs are not required to preemptively address arguments or evidence in

their opposition that were never raised in Weight Watchers's Motion to Compel Individual Arbitration ("Motion to Compel") (ECF No. 48) because any argument not raised is *waived*.

Weight Watchers's claim that Plaintiffs opened the door to these new arguments and evidence also fails. Plaintiffs' Memorandum in Opposition to Defendants' Motion ("Opposition to MTC") (ECF No. 75) correctly highlighted the fundamental flaw in Weight Watchers's affirmative argument: that the Clinic Flow is ***separate*** from the December 2024 Membership Agreement and sign-up process that Weight Watchers relies on as the basis for its Motion to Compel. Opp. to MTC at 6. The fact that Plaintiff Wachtl never completed the Clinic Flow is both fatal to and consistent with Weight Watchers's own motion. Noting the distinction between these two processes, and deficiency in Weight Watchers's argument, does not give Weight Watchers license to change its argument, and assert that Plaintiff Wachtl is bound by a different set of terms, from the separate Clinic Flow, on reply.

These improperly-raised new arguments must be stricken or, at a minimum, Plaintiffs must have an opportunity to respond to them because the actual evidence and testimony requires denying Weight Watchers's Motion to Compel. Indeed, testimony from Weight Watchers's declarant confirms Plaintiff Wachtl *did not complete* the Clinic Flow and thus cannot be bound by any terms relating to the clinic products, including the Registered Dietician service. Weight Watchers should not be allowed to distort the record and mislead the Court by making these new arguments for the first time on reply.

## ARGUMENT

### I. Weight Watchers's Reservation of Rights is Inappropriate

There is no justification for Weight Watchers's attempt to sandbag Plaintiffs with new arguments and evidence on reply. *See Fed. Trade Comm'n v. RCG Advances, LLC*, 695 F. Supp. 3d 368, 395 (S.D.N.Y. 2023) (denying attempt to raise new arguments supported with new

evidence on reply). Weight Watchers cannot avoid this well-settled rule by asserting a general reservation of rights to "file a supplemental motion" in the future. Reply at 8 n.8; Opp. to MTS at 3. This, too, is inappropriate, because a party cannot file serial motions to relitigate issues absent new facts or a change in law that was previously unavailable at the time of its motion. *See LaVoice v. UBS Fin. Servs., Inc.*, No. 11 CIV. 2308 KMW JLC, 2013 WL 5380759, at *2 n.3 (S.D.N.Y. Sept. 26, 2013) (refusing to relitigate motion to compel and noting it is improper to file "successive motions" that are "not based upon new facts and which seeks to raise arguments it could have raised in its original motion.") (internal citation and quotation omitted).

Weight Watchers cannot (and does not even try to) meet this standard. Indeed, Weight Watchers admits that the new documents used in its reply were available to it previously, produced to Plaintiffs, and used in the Cai deposition. Opp. to MTS at 2, 5-6. There is no excuse for failing to raise these arguments earlier. Weight Watchers is not entitled to multiple attempts at compelling Plaintiff Wachtl when the evidence it relies on was in its possession this whole time. *Fed. Trade Comm'n v. RCG Advances, LLC*, 695 F. Supp. 3d at 394 (FTC should not get a second chance on reply to meet its evidentiary burden when the evidence was "surely available to the FTC at the time of its opening brief" and there is no there is no opportunity to respond). Whatever grounds Weight Watchers thought it had to compel Plaintiff Wachtl should have been brought in its initial Motion to Compel. Anything not raised at that time has been waived. *See Meyer v. Seidel*, 89 F.4th 117, 128 (2d Cir. 2023) ("[A]n issue raised for the first time only in a reply brief has been waived[.]"). The court should deny Weight Watchers's Motion to Compel on these grounds alone.

## II. Plaintiffs' Opposition Did Not Open the Door to New Arguments

Weight Watchers's argument that Plaintiffs opened the door to new evidence is meritless. Opp. to MTS at 4-5. Plaintiffs' Opposition did not submit new evidence or facts that Weight Watchers was entitled to respond to on reply. Consistent with Weight Watchers's Motion to

Compel, Plaintiffs' Opposition relied on the same documents and testimony available to Weight Watchers to show that Plaintiff Wachtl purchased a Core 10 Month plan but did not sign up for any other product, making the terms Weight Watchers relies on in its Motion to Compel inapplicable. ECF No. 75 at 6 (noting the evidence proves Plaintiff Wachtl signed up for a "Core 10 Month plan" and no other product); *see* ECF No. 48-1 (arguing Plaintiff Wachtl signed up for 10-month, LTC core plan); ECF No. 48-3 (Mr. Edward Cai declaring the same). Plaintiffs' use of those documents to highlight this fundamental flaw in Weight Watchers's argument, and disprove the contentions in their Motion to Compel, does not permit Weight Watchers to pivot to the ***opposite*** position for the first time on reply. Reply at 9.

The cases Weight Watchers relies on are inapposite because they concern situations where the reply at issue was limited to addressing arguments raised in opposition to the underlying motion. *See* Opp. to MTS at 4 (citing *Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, No. 25 CIV. 5020 (JPC), 2025 WL 2388287, at *1 (S.D.N.Y. Aug. 18, 2025); *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, No. 14CV6228 (DLC), 2025 WL 3141553, at *2 n.2 (S.D.N.Y. Nov. 10, 2025); *Yorke v. TSE Group LLC*, No. 18-CV-5268 (JMF), 2019 WL 3219384 at *2 (S.D.N.Y. July 17, 2019); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016)). Unlike these cases, Weight Watchers's Reply makes a completely different argument, based on a completely different set of evidence, from what it included in its initial Motion to Compel. If anything, these cases confirm why the Reply here should be stricken as it violates the very standards they apply.

Weight Watchers's reliance on Rule 11(b)(3) does not support its position either. Opp. to MTS at 5. Rule 11(b)(3) is about the effect of signing pleadings, and duties subsequently imposed on an attorney. Nothing in this Rule even remotely suggests that a party must oppose arguments

or evidence that were never raised in an affirmative motion. Weight Watchers's claim that Plaintiffs "elected" not to address these contentions is false. Opp. to MTS at 5. To the extent any argument was not included in Plaintiffs' Opposition, it is because Weight Watchers never raised them. This supports striking these improper arguments in their entirety or giving Plaintiffs' a chance to reply.

### III. Plaintiffs Will Be Prejudiced

Finally, Weight Watchers's argument that there is no unfair surprise is astounding. It does not matter that Weight Watchers provided documents relating to the Registered Dietician service or Clinic Flow in discovery (Opp. to MTS at 5)—that only confirms just how improper it is for Weight Watchers to change the basis for its Motion to Compel now, on reply, and to use documents for the first time that were in its possession this entire time. *See* Section II, above. The prejudice this sudden shift causes to Plaintiffs is obvious: it deprives Plaintiffs of an opportunity to respond to Weight Watchers's new arguments and shows how the evidence in the record confirms that even Weight Watchers's new position fails because Plaintiff Wachtl *never* purchased the Registered Dietician service and did not complete the Clinic Flow, making it impossible for her to be compelled to arbitration based on the terms associated with those products. *See* Mot. at 5 (describing how Weight Watchers's declarant repeatedly confirmed Plaintiff Wachtl did not complete the Clinic Flow).

## CONCLUSION

For the reasons raised herein and in Plaintiffs' Motion, Weight Watchers's new arguments and evidence should be stricken or Plaintiffs should be granted leave to file a sur-reply to correct Weight Watchers's misrepresentation of the evidence, which confirms their motion to compel must be denied.

Dated: February 11, 2026 *<u>/s/ Christian Levis</u>*

Christian Levis
Amanda Fiorilla
Rachel Kesten
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

Vicki J. Maniatis (NY Bar No. 2578896)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel.: (516) 491-4665
vmaniatis@milberg.com

Gary M. Klinger (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 1635, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c). I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2026 *<u>/s/ Christian Levis</u>*