UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA BRUCKNER, ANITA CAMPANA, MEGAN CONNOR, DONNA EDWINS, ALLISON GIORGIO, JANINE HENRY, ASHLEY RODRIGUEZ, SUSANNE STROM, JENNIFER TORRES, ANTOINETTE WACHTL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WW INTERNATIONAL, INC., WW.COM, LLC, WEEKEND HEALTH OF TEXAS, PA,
WEEKEND HEALTH OF NEW JERSEY P.C., WEEKEND HEALTH OF PENNSYLVANIA, P.C., AND BRANTLEY T. JOLLY, M.D., PROF. CORP.,

Defendants.

Case No.: 1:25-cv-02944-RA-GWG

# OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' DECLARATIONS

Defendants WW International, Inc., WW.Com, LLC, Weekend Health of Texas, PA, Weekend Health of New Jersey P.C., Weekend Health of Pennsylvania, P.C., and WeightWatchers Clinic f/k/a Brantley T. Jolly, M.D., Prof. Corp. (collectively, "Defendants" or "WW"), hereby submit their Opposition to Plaintiffs' Erica Bruckner, Anita Campana, Megan Connor, Donna Edwins, Allison Giorgio, Janine Henry, Ashley Rodriguez, Susanne Strom, Jennifer Torres, and Antoinette Wachtl (collectively, "Plaintiffs") Motion to Strike Defendants' Declarations of Pinal Bhatt and Kevin Murphy (collectively, the "Declarations").

## I. PRELIMINARY STATEMENT

Plaintiffs' Motion to Strike seeks to exclude two Declarations, and the screenshots shown within them, that document the disclosures Plaintiffs encountered when completing WW's

questionnaires and/or sign-up process. Plaintiffs' onboarding and these questionnaires are at the center of their claims, yet they did not provide complete screenshots of them in their original or amended complaint (the "FAC"). Yet now, after Defendants have provided the full picture to the Court, Plaintiffs seek to exclude these materials while simultaneously and incongruously arguing that it is Defendants who are providing the incomplete picture. This is incorrect, and also not a basis to grant the Motion to Strike. The Declarations (and the screenshots included in them) are properly before the Court as materials incorporated by reference, integral to the FAC, and subject to judicial notice. WW does not ask the Court to resolve any factual disputes on the basis of these materials; it asks only that the Court affirm the existence and content of the disclosure screenshots that Plaintiffs themselves have placed at issue. Moreover, WW was not obligated to submit the entirety of the sign-up process, as all records relevant to the issues presented in the Motion to Dismiss are already before the Court. These Declarations, their screenshots, and the collective record and arguments before the Court fatally undermine Plaintiffs' FAC. For these reasons, and as set forth more fully below, the Motion to Strike should be denied.

## II. LEGAL STANDARD

A court may dismiss a claim on the basis of an affirmative defense by considering facts subject to judicial notice, documents incorporated in the complaint by reference, and documents integral to the complaint. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002). "The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). If a fact satisfies that standard, "[t]he court ... *must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Courts frequently take judicial notice of archived webpages available through the Wayback Machine. *Thorne v. Square, Inc*., 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022) (taking judicial notice of archived webpages through the Wayback Machine); *Valve Corp. v. Ironburg Inventions Ltd*., 8 F.4th 1364, 1374-75 (Fed. Cir. 2021) (same); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (same, collecting cases).

A document is incorporated by reference where it is explicitly relied on in the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The doctrine holds plaintiffs accountable for a document's full text, preventing them from maintaining a claim based on an extrinsic document that they selectively quote and fail to attach to the complaint. *Id.*; *Bank of New York Mellon Tr. Co. v. Morgan Stanley Mortg. Cap., Inc.*, 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion.") (internal quotations omitted).

A document is "integral" to the complaint where the complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153; *In re Nine West LBO Securities Lit.*, 482 F.Supp.3d 187, 195 (S.D.N.Y. 2020) (though only referenced once in the complaint, incorporating by reference agreement because it clearly related "to the issues at the center" of the motions); *Abou v. Mahany*, 2021 WL 2650069, at *1, n. 1 (S.D.N.Y. June 28, 2021) (incorporating by reference document not attached in the complaint but that was clearly contemplated by the plaintiff when drafting complaint); *Rajkumar v. FBCS, Inc.*, 2021 WL 949867, at *1, n.2 (S.D.N.Y. March 12, 2021) (incorporating documents even though not included in the complaint because documents were a part of the letters at issue and formed a basis of the complaint). A court's principal concern with extraneous material — that the plaintiff lacked notice it would be considered — is eliminated where the plaintiff's own drafting reflects such reliance. *Id.*; *Thorne v. Square, Inc.*, 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022).

## III. ARGUMENT

### A. The Declaration Materials Are Properly Incorporated By Reference And Are Integral To The FAC

The screenshot materials in the Declarations are incorporated by reference in the FAC or are otherwise integral to the issues presented in the pleadings, and thus are the proper subjects of judicial notice. They include the content, questions, and disclosures contained in the Intro and

Clinic Questionnaires (collectively, the "Questionnaires"), which form the entire premise of Plaintiffs' claims. Specifically, Plaintiffs purport that they provided private information while completing the Questionnaires and that they did not consent to disclosure of this information. (FAC ¶¶ 23-24, 31-32, 50-51, 64-65, 78-79, 85-86.) Plaintiffs themselves include screenshots of the Questionnaires and describe the entire process of filling them out, start to finish. (*Id*. at ¶¶ 100-102, 107-108, 149-150.) Plaintiffs also reference the Questionnaires' disclosures, as well as WW's privacy policy. (*Id*. at ¶¶ 157-159.) However, Plaintiffs were selective in what they showed the Court via the FAC, and in fact excluded key portions of the Questionnaires. They do not want the Court to see this information, as it fatally undermines their claims.

Specifically, the Questionnaires contain the following disclosure: "By continuing, you agree to your health and other data being used by us for this assessment and marketing purposes. This data may be shared with our third-party providers. See Privacy Policy for details." The "Privacy Policy" is hyperlinked for the customer's review. This is precisely the type of information courts incorporate by reference to the complaint and consider on a Motion to Dismiss. *In re Burlington Coat Factory Sec. Litig*., 114 F.3d at 1426. Plaintiffs' omission of information they plainly had notice of, and which is integral to their own claims, cannot serve as a means of forestalling the Court's decision on the Motion to Dismiss. *Bank of New York Mellon Tr. Co.*, 2011 WL 2610661, at *3. Plaintiffs cannot state a claim based on selective non-disclosure. The screenshots in the Declarations should be incorporated by reference to the Complaint and considered as part of the Motion to Dismiss.

Even if the Court were to find that the materials are not incorporated by reference in the FAC, which it should not, it should nonetheless find that they are integral to the FAC. Materials are "integral" to the complaint where the complaint "relies heavily upon its terms and effect." *Chambers*, 282 F.3d at 153. Courts in this District apply this standard broadly, even where a document was only referenced once in the complaint (*In re Nine West LBO Securities Litigation*, 482 F. Supp. 3d at 195) and where a document was not included in the complaint but clearly formed a basis for a party's claims (*Abou*, 21 WL 2650069, at *1, n.1; *Rajkumar*, 2021 WL

949867, at *1, n.2). That standard is easily met here, as the FAC rises and falls on the terms and effect of the Questionnaires, the most consequential being the privacy disclosure and hyperlinked Privacy Policy appearing on the first page of each. Those terms, and their effect, are the precise subject matter of Plaintiffs' claims: whether users were given adequate notice of, and consented to, the disclosure of their health information to third parties. The materials in the Declarations supply what the FAC conspicuously leaves out, providing the Court with the complete picture it needs to assess whether Plaintiffs state plausible claims. Without them, the Court cannot fully evaluate the Motion to Dismiss. The screenshots supplied by the Declarations are therefore integral to the FAC and must be considered.

Lastly, the screenshot materials in the Declarations are proper subjects of judicial notice. Specifically, the Court may take judicial notice of the fact that the Questionnaires contained the privacy disclosure and WW's Privacy Policy. Plaintiffs do not dispute the accuracy of the source materials underlying the Bhatt Declaration. Fed. R. Evid. 201(b)(2). Accordingly, because WW has supplied the Court with the necessary information and Plaintiffs raise no challenge to its accuracy, the Court "must take judicial notice" of the screenshots in the Bhatt Declaration. Fed. R. Evid. 201(c)(2).

Plaintiffs challenge the accuracy of the Murphy Declaration insofar as it includes Wayback Machine screenshots, relying in large part on *Lesh v. Cable News Network, Inc*., 767 F.Supp.3d 33 (S.D.N.Y. 2025). However, *Lesh* is readily distinguishable. In *Lesh*, the central question was whether a specific pop-up appeared on a specific date on defendant's website, at the precise moment of the plaintiff's visit. 767 F.Supp.3d at 43. Absent from the complaint was any reference, quote, or link to the website or its terms. *Id*. Plaintiffs' dispute with the Murphy Declaration's screenshots is not the kind of substantive authenticity challenge that drove the *Lesh* court's refusal to take judicial notice. Plaintiffs themselves reproduced screenshots of the same Questionnaires in the FAC, built their claims around the Questionnaires' content, and do not dispute that they completed the Questionnaires. Plaintiffs are in no position to question the accuracy of authenticated images of the very same Questionnaires they relied on in bringing this action. In any

event, courts frequently take judicial notice of Wayback Machine screenshots, even where a party opposes their notice. *Pohl*, 332 F.R.D. at 716 (N.D. Fla. 2019) (denying plaintiff's motion in limine to exclude Wayback Machine evidence, taking judicial notice, and collecting cases holding the same); *Valve Corp*., 8 F.4th at 1374-75 (despite opposition, endorsing the reliability of Wayback Machine records and holding that federal courts have taken judicial notice of such facts that can be readily and accurately determined). What is more, Mr. Murphy submitted his Declaration under penalty of perjury, which lends significant credibility to the facts set forth therein and confirms that the information provided is, to his knowledge, true and correct. The screenshots in the Declarations should be judicially noticed and the Motion to Strike should be denied.

**B. <u>Plaintiffs – And Not Defendants – Are Hiding Material Information</u>**

Plaintiffs' Motion to Strike rests on the premise that WW was obligated to submit evidence of the entire sign-up process in order for the Court to consider the materials shown in the Declarations. That premise is wrong, and Plaintiffs cite no authority supporting it. Indeed, if Plaintiffs truly believed the record was incomplete, their remedy was supplementation, not a motion to strike. Striking the information simply hides what Plaintiffs do not want the Court to see and what Plaintiffs avoided showing in the original complaint and FAC.

Plaintiffs' accusation of "strategic editing" is particularly difficult to sustain given that it was Plaintiffs who failed to include the information shown in the Declarations, requiring Defendants to appropriately supplement the record. Indeed, Defendants previously supplied the Declaration of Edward Cai, which addresses the broader sign-up process in detail. (*See* Cai Decl., ¶¶ 5-18.) The Declarations at issue reference the Cai Declaration, confirming that these submissions are designed to be read together. (Bhatt Decl., ¶ 2; Murphy Decl., ¶¶ 2-20.) There is accordingly no basis for Plaintiffs' suggestion that the Declarations and their screenshot materials present a misleading picture of the disclosures users encountered. To the extent Plaintiffs contend that additional context bears on the weight or interpretation of those disclosures, that is an argument for briefing and not a ground to strike materials that are otherwise properly before the Court. The Motion to Strike should be denied.

## IV. CONCLUSION

Plaintiffs' Motion to Strike is an effort to exclude evidence that is unfavorable to them, not a legitimate objection to the completeness or accuracy of WW's submissions.[1] Because Plaintiffs' claims depend on what they saw and agreed to, the Court should consider the challenged materials in evaluating the pending Motion to Dismiss. Plaintiffs' Motion to Strike should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[1] Plaintiffs' Opposition to WW's Motion to Dismiss nearly exceeds the 8,750 word limit under Local Rule 7.1(c). The Motion to Strike is a transparent attempt to circumvent that limit by further developing arguments that could not be included within the Opposition's word count.

DATED: July 1, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Abby H. Meyer*

Abby H. Meyer (Admitted Pro Hac Vice)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: (714) 513-5100
ameyer@sheppard.com

P. Craig Cardon (Admitted Pro Hac Vice)
Kevin Murphy (Admitted Pro Hac Vice)
1901 Avenue for the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
ccardon@sheppard.com
kemurphy@sheppard.com

Sylvia Waghorne
NY State Bar No. 5999842
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
swaghorne@sheppard.com

*Attorneys for Defendants WW International, Inc., WW.Com, LLC Weekend Health of Texas, PA, Weekend Health of New Jersey P.C., Weekend Health of Pennsylvania, P.C. and WeightWatchers Cinic f/k/a Brantly T. Jolly, M.D.*

**WORD COUNT LIMIT CERTIFICATION**

I, Abby H. Meyer, hereby certify that the foregoing memorandum of law complies with the word count limit set forth in S.D.N.Y. Local Civil Rule 7.1(c) and Section 4.A of the Individual Rules & Practices in Civil Cases of Hon. Ronnie Abrams. According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 2,114 words in the document.

*/s/ Abby H. Meyer*
Abby H. Meyer